```
        IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                HOT SPRINGS DIVISION
```

**BILL ANTHONY OLLISON**                                              PLAINTIFF

     v.           Civil No. 06-6021

**PACTIV CORPORATION**                                                 DEFENDANT

<u>**O R D E R**</u>

    Now on this 17th day of November, 2006, comes on for consideration defendant's **Motion To Dismiss Count I** (document #10), and from said motion, and the response thereto, the Court finds and orders as follows:

    1.   Plaintiff alleges that he was terminated from his job by defendant for retaliatory and discriminatory reasons. The retaliation claim relates to plaintiff's former union membership. Defendant moves to dismiss this claim, contending that it is preempted by the National Labor Relations Act.

    2.   The specifics of plaintiff's Complaint, as it relates to his retaliation claim, are as follows:

> 31.  For approximately five years of his employment, hourly and wage workers in the Defendant's place of business were represented by a labor union; what was subsequently disbanded in or about 2004.
>
> 32.  Plaintiff also states that he was the Southwest Regional District Representative with the union; and management had a practice of harassing and intimidating former union members.
>
> 33.  Plaintiff believes that his termination was also based in part upon his prior association with the union.
>
>                 \*    \*    \*
>
> 36.   The Defendants deliberately set a course of retaliation against the Plaintiff, due in full measure to the Plaintiff's prior involvement in the labor union where he was the Southwest Regional District Representative; a direct and unlawful violation of rights protected by the Constitution of Arkansas.
>
> 37.  Defendants discriminated against the Plaintiff and violated Plaintiff's constitutionally protected rights, when they terminated his employment; a direct violation of the

constitutional provision which states; "[n]o person shall be denied employment because of membership in or affiliation with or resignation from a labor union...."

38. Defendants entered into an unwritten contract or agreement among themselves to exclude the Plaintiff from their employ, a prohibition of applicable Arkansas law, which provides that no firm shall contract to exclude from employment "[p]ersons who, having joined a labor union, have resigned their membership or have been discharged, expelled or excluded."

39. Plaintiff has a right and expectation to be free from retaliation for participation in a lawfully sanctioned activity; however, Defendants purposely and intentionally acted to deprive the Plaintiff of his constitutionally protected right to have associated with a labor union.

3. It can be seen from the pleading that what plaintiff complains of is that he was discharged for engaging in union activities. Discharging an employee for engaging in union activities is protected by **§8** of the National Labor Relations Act ("NLRA"). **Platt v. Jack Cooper Transport Co., Inc.**, **959 F.2d 91, 94 (8th Cir. 1992)**. This Court does not have jurisdiction over a suit directly involving activity which is even arguably subject to **§8** of the NLRA. **San Diego Building Trades Council, Millmen's Union, Local 2020 v. Garmon**, 359 U.S. 236 (1959). While there are exceptions to such preemption, **Vaca v. Sipes**, **386 U.S. 171 (1967)**, the Court does not find any of those exceptions applicable to plaintiff's situation. Thus, it concludes defendant's motion should be granted, and that plaintiff's retaliation should be dismissed.

**IT IS THEREFORE ORDERED** that defendant's **Motion To Dismiss Count I** (document #10) is **granted**.

**IT IS SO ORDERED.**

        /s/ Jimm Larry Hendren
        **JIMM LARRY HENDREN**
        **UNITED STATES DISTRICT COURT**